UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD H. LANE,<br><br>Plaintiff(s),<br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant(s). | CASE NO. C25-1519-KKE<br><br>ORDER GRANTING MOTION TO DISMISS |

Plaintiff is representing himself in this action, alleging that Defendant, the Internal Revenue Service ("IRS"), fraudulently imposed tax increases and penalties on him and/or his business and engaged in other forms of misconduct that injured him. Dkt. No. 1.

The United States, on behalf of the IRS, filed a motion to dismiss this action for lack of subject matter jurisdiction.[1] Dkt. No. 20. Because the Court agrees that it cannot grant relief on Plaintiff's claims, even when those claims are construed liberally, the Court will grant the Government's motion.

[1] The clerk is directed to substitute the United States of America for the IRS as a Defendant in this case. Federal agencies such as the IRS may not be sued in their own name except to the extent Congress may specifically allow such suits. *Devries v. IRS*, 359 F. Supp. 2d 988, 991–92 (E.D. Cal. 2005) ("Where taxpayers are authorized to sue on matters arising out of IRS actions, the United States is the proper party defendant."). Congress has not allowed suits against the IRS, and therefore the United States is the proper Defendant here. *Id*. This order will refer to the United States as "the Government."

## I. BACKGROUND

Plaintiff's complaint alleges IRS misconduct in the form of fraudulently backdating tax summaries, forging tax increases and penalties, levying bank withdrawals pursuant to an invalid contract, manipulation of Plaintiff's employer identification number, and retaliation and extortion to obtain Plaintiff's payment on forged debts and fines. Dkt. No. 1. Plaintiff requests $125 million in damages and violations, plus $55 million in punitive damages. *Id.*

Plaintiff filed suit in August 2025 and the Government has filed a motion to dismiss, which is ripe for resolution. Dkt. No. 20.

## II. ANALYSIS

### A. Legal Standards

The Government's motion requests dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction due to sovereign immunity. Dkt. No. 20. "Sovereign immunity is quasi-jurisdictional in nature." *In re Bliemeister*, 296 F.3d 858, 861 (9th Cir. 2002). The United States and its officers are immune from suit unless Congress has waived immunity from suit. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Waivers of sovereign immunity "cannot be implied, but must be unequivocally expressed[,]" and are strictly construed in favor of the sovereign. *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1087–88 (9th Cir. 2007) (quoting *Gilbert*, 756 F.2d at 1458).

A Rule 12(b)(1) motion is the proper context in which to invoke sovereign immunity. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). A Rule 12(b)(1) motion may raise a facial or factual challenge to the existence of jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, the Government mounts factual and facial challenges. Dkt. No. 20 at 3. In resolving a factual attack, a court may review evidence beyond the complaint and need

not accept Plaintiffs' allegations as true. *See Pistor*, 791 F.3d at 1111. The party asserting subject matter jurisdiction has the burden of proving that immunity does not bar the suit. *Id.*

**B. The Court Lacks Jurisdiction to Resolve a Tax Refund Claim Because Plaintiff Has Not Exhausted His Administrative Remedies.**

To the extent Plaintiff's complaint seeks a refund of taxes unlawfully assessed, the Court lacks jurisdiction to resolve that claim unless Plaintiff first timely files an administrative claim with the IRS. *See Yuen v. United States*, 825 F.2d 244, 245 (9th Cir. 1987); 26 U.S.C. § 7422(a). The Government has submitted a declaration stating that Plaintiff has not filed such a claim. Dkt. No. 20-1 ¶ 5. Plaintiff's opposition notes that he had attorneys "try this and more" but he presents no evidence of timely administrative claims to rebut the Government's declaration. Dkt. No. 21 at 6. Accordingly, the Court is without jurisdiction to resolve Plaintiff's claims to the extent he seeks a refund of taxes paid.

**C. The Court Lacks Jurisdiction to Resolve a Claim for Damages Against the IRS Because Plaintiff Did Not Exhaust His Administrative Remedies Before the Statute of Limitations Expired.**

Congress has waived the United States' sovereign immunity for claims for certain damages against the IRS. 26 U.S.C. § 7433(a). Section 7433 is the exclusive remedy for recovering damages against the IRS related to collection activity. *Shwarz v. United States*, 234 F.3d 428, 432–33 (9th Cir. 2000). Before a taxpayer may bring suit to recover damages, the taxpayer must file a timely[2] administrative claim with the IRS. Section 7433(d)(1). If the claim is denied, or six months pass after the filing of the claim and the IRS fails to render a decision on it, then the taxpayer may file suit. 26 C.F.R. § 301.7433-1(d).

---

[2] Such a claim must be filed within a two-year statute of limitations period. 26 U.S.C. § 7433(d)(3). The Government argues that because Plaintiff's complaint alleges that his damages claims arose between 2014 and 2020, they were time-barred by the time Plaintiff filed suit in 2025. Dkt. No. 22 at 5. Plaintiff contends broadly that such an argument is "inaccurate," without citation to authority. Dkt. No. 21 at 7.

Again, the Government has presented evidence that Plaintiff has not filed an administrative claim for the damages he seeks to recover in this suit, and Plaintiff has not rebutted that evidence. Dkt. No. 20-1 ¶ 5. Because Plaintiff failed to exhaust his administrative remedies before filing suit, the Court lacks jurisdiction to resolve his damages claim.

**C. Plaintiff's Other Theories Fail.**

Plaintiff's complaint also can be read to bring claims under criminal statutes, the Fourth Amendment, the False Claims Act, or the Uniform Commercial Code ("UCC"). Dkt. No. 1. Plaintiff has failed to show that the Government has waived sovereign immunity as to any of these claims. Moreover, the criminal statutes invoked by Plaintiff do not create private causes of action. *See* 18 U.S.C. §§ 241, 242, 471, 872, 1341, 1343, 1344, 1513, 1951(b)(2), 1956(a)(1)–(2). "[A] federal criminal law [can] be enforced only by a federal prosecutor, not by any private party." *Sulla v. Horowitz*, No. 12-00449 SOM/KSC, 2012 WL 4758163, at *3 (D. Haw. Oct. 4, 2012). The Ninth Circuit has "never recognized a constitutional violation arising from the collection of taxes[,]" and thus Plaintiff's Fourth Amendment claim is invalid. *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990). The False Claims Act establishes the liability of a person who makes a false claim against the Government, and does not apply to Plaintiff's claim that the Government made a false claim against him. *See* 31 U.S.C. § 3729. Lastly, Plaintiff's complaint fails to identify or infer the existence of a commercial transaction to which the UCC would apply. *See Lane v. Medford Or. City Attorney's Office*, No. 1:25-cv-00559-MTK, 2025 WL 3022616, at *3 (D. Or. Oct. 29, 2025) ("Plaintiff does not allege, nor do the facts support an inference of any commercial transaction, therefore, Plaintiff has not established that the UCC applies."). Because Plaintiff has not established a valid basis for relief nor has he established that sovereign immunity has been waived with respect to those claims, these claims fail.

Because the bar of sovereign immunity is absolute, and no other court has the jurisdiction to hear Plaintiff's claims, Plaintiff's complaint should be dismissed with prejudice. *Frigard v. United States*, 862 F.2d 201, 204 (1988). Plaintiff cannot cure the deficiencies in his complaint by the allegation of other facts, and thus granting leave to amend would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (explaining that leave to amend should be granted unless the pleading cannot be saved by the allegation of other facts).

## III. CONCLUSION

Because the Court lacks jurisdiction to resolve any claim brought against Defendant in this action, Defendant's motion to dismiss is GRANTED with prejudice.

Dated this 29th day of September, 2026.

Kymberly K. Evanson
United States District Judge